UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SAM WISE and; GERMAN WISE DENTAL, LLC d/b/a LOWER COLUMBIA ORAL HEALTH, a Washington Limited Liability Company,<br><br>Plaintiffs,<br>v.<br><br>JONATHAN T. ESKOW, an individual; and ESKOW LAW GROUP, LLC, f/k/a JTE LAW, LLC, a Massachusetts limited liability company,<br><br>Defendants. | CASE NO. 3:22-cv-05033-DGE<br><br>ORDER DENYING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT (DKT. NO. 51) |

## I   INTRODUCTION

This matter comes before the Court on Plaintiffs' motion for partial summary judgment. (Dkt. No. 51.) After reviewing the record and the parties' briefing, the Court DENIES Plaintiffs' motion for the reasons discussed herein.

ORDER DENYING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT (DKT. NO. 51) - 1

## II     BACKGROUND

This lawsuit relates to alleged legal malpractice committed by Defendants Jonathan T. Eskow ("Mr. Eskow") and Eskow Law Group LLC ("Eskow Law Group"). In 2019, Plaintiffs Dr. Sam Wise ("Dr. Wise") and German Wise Dental LLC ("German Wise Dental")[1] contracted with Defendants to advise Dr. Wise on the purchase of a dental practice in Longview, Washington owned by Dr. Daniel S. Haghigi ("Dr. Haghigi"). (Dkt. No. 52 at 34, 39.) Plaintiffs signed an engagement letter with Defendants on April 1, 2019. (*Id.* at 39.) Though the scope of the engagement is disputed, the parties agree Defendants were retained to advise Dr. Wise on the purchase and sale agreement of the dental practice from Dr. Haghighi, including review of Dr. Wise's lease agreement. (*Id.* at 12, 14–15.) At the time of the engagement, neither Mr. Eskow nor any attorney at Eskow Law Group were licensed to practice law in Washington. (Dkt. Nos. 15 at 5; 52 at 9.) The Defendants also did not retain a Washington lawyer or enter into an association agreement with a Washington law firm to advise them on Washington law. (Dkt. No. 52 at 9.) After consulting with Mr. Eskow, Dr. Wise entered into contract to purchase Dr. Haghighi's practice on April 16, 2019, for a sum of $1,250,000 and other consideration. (Dkt. No. 15 at 3.) Plaintiffs allege the purchase and sale agreement ultimately negatively impacted their finances due to alleged deficiencies in the due diligence conducted by Defendants and poor contract drafting. (Dkt. No. 1 at 4–5.) For example, after executing the sale Dr. Wise discovered that 60 percent of patients at the practice purchased from Dr. Haghighi were Medicaid patients, who are substantially less profitable for a dental practice than patients with private insurance. (Dkt. No. 52 at 34–36.)

---

[1] German Wise Dental declared bankruptcy on June 24, 2022, and has been substituted in this suit as party plaintiff by Don Thacker, Trustee in the Bankruptcy of German Wise Dental. (*See* Dkt. Nos. 33, 42.)

On January 18, 2022, Plaintiffs brought suit, alleging legal malpractice on the part of Mr. Eskow and Eskow Law Group. (Dkt. No. 1 at 5.) Plaintiffs also allege Mr. Eskow committed the unauthorized practice of law in violation of Washington Revised Code § 2.48.180, since he is not currently, and has never been, admitted to practice law in Washington (*id.* at 7.), breached his fiduciary duty to Plaintiffs (*id.* at 8), and violated the Washington Consumer Protection Act (*id.* at 10).

On March 2, 2023, Plaintiffs filed a motion for partial summary judgment asking the Court to hold as a matter of law "that Defendant Jonathan T. Eskow engaged in the unauthorized practice of law when he represented Wise and German Wise Dental as their transactional attorney." (Dkt. No. 51 at 2.) Plaintiffs seek disgorgement of fees as a remedy for Defendants' alleged unauthorized practice of law. (*Id.* at 18–19.) Defendants filed their response in opposition to Plaintiffs' motion on March 27, 2023. (Dkt. No. 55.) In their response, Defendants raised the argument that "Plaintiffs' [m]otion incorrectly presumes that RCW 2.48.180 provides for a separate private cause of action for unauthorized practice of law against a lawyer in a legal malpractice case." (*Id.* at 1.) The Court sought the parties' input on whether the Court should certify a question or questions to the Washington Supreme Court on whether Washington Revised Code § 2.48.180 creates a private right of action for the unlawful practice of law. (Dkt. No. 61.) The parties timely filed supplemental briefs. (Dkt. Nos. 63, 65.)

### III     DISCUSSION

#### A. Legal Standard

"Summary judgment is appropriate when, viewing the evidence in the light most favorable to the nonmoving party, there is no genuine dispute as to any material fact." *Zetwick v. Cnty. of Yolo*, 850 F.3d 436, 440 (9th Cir. 2017) (quoting *United States v. JP Morgan Chase*

*Bank Account No. Ending 8215*, 835 F.3d 1159, 1162 (9th Cir. 2016). The "party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The Court must construe the facts and pleadings in the light most favorable to the non-moving party. *See England v. Mack Trucks, Inc.*, No. C07-5169-RBL, 2008 WL 168689, at *2 (W.D. Wash. Jan. 16, 2008); *see also Ramirez v. Chow*, No. 12-CV-05630 JRC, 2013 WL 3724947, at *2 (W.D. Wash. July 12, 2013).

### B.  Unauthorized Practice of Law

The Court finds Plaintiffs have not demonstrated, as a matter of law, that they are entitled to summary judgment on their unauthorized practice of law claim.[2]

Plaintiffs assert they are entitled to bring a private cause of action for the unauthorized practice of law pursuant to Washington Revised Code § 2.48.180. (Dkt. Nos. 1 at 7; 51 at 8.) According to Plaintiffs, "Washington indisputably authorizes a cause of action against those who engage in the unauthorized practice of law" and cites to *In re Estate of Marks*, 957 P.2d 235 (Wash. Ct. App. 1998), *Barbanti v. Quality Loan Serv. Corp.*, 2006 WL 1889255 (E.D. Wash. July 7, 2006), among other cases. (Dkt. No. 58 at 2.) In response, Defendants argue Plaintiffs may not bring a separate cause of action pursuant to Washington Revised Code § 2.48.180 because the statute does not authorize a private cause of action. (Dkt. No. 55 at 8.) Defendants

---

[2] After review of the parties' supplemental briefing, the Court believes certification of a question to the Washington Supreme Court on whether Washington Revised Code § 2.48.180 creates a private right of action is not warranted.

ORDER DENYING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT (DKT. NO. 51) - 4

also argue Plaintiffs' motion is improper because their request for damages—disgorgement—is "a remedy specific to ethical violations." (Dkt. No. 65 at 5.)

The plain text of Washington Revised Code § 2.48.180, which Plaintiffs cite as the basis for their unauthorized practice of law claim in their complaint and motion (*see* Dkt. Nos. 1 at 7; 52 at 8), does not authorize a private cause of action for the unauthorized practice of law. None of the cases cited by Plaintiffs specifically recognize a private cause of action for the unauthorized practice of law based on Washington Revised Code § 2.48.180 or are distinguishable. *In re Estate of Marks*, for example, concerns the disposition of a will and the question for the appellate court was whether certain individuals had "unwittingly engaged in the unauthorized practice of law while assisting" the decedent with the preparation of her will such that, as a matter of public policy, the beneficiaries of the will should be divested of the bequests in the will. 957 P.2d at 239. The district court in *Barbanti* assumed a cause of action for unauthorized practice of law was permitted by citing to *Bennion, Van Camp, Hagen & Ruhl v. Kassler Escrow, Inc.*, 635 P.2d 730 (Wash. 1981). *See Barbanti*, 2006 WL 1889255, at *8. However, *Bennion* concerned whether a state law "authorizing escrow agents and other lay persons to perform certain actions with regard to real estate or personal property transactions" was constitutional under the Washington Constitution. *See* 635 P.2d at 731. Though the plaintiffs in *Bennion* "alleg[ed] that the escrow company had engaged in the unauthorized practice of law in violation of RCW 2.48.170, .180 and .190," the Washington Supreme Court did not directly address whether a suit pursuant to Washington Revised Code § 2.48.180 was permitted. *Id.* at 731. Additionally, the respondents in *Bennion* only sought "a permanent injunction enjoining petitioner from performing any acts constituting the practice of law." *Id.*

In other rulings, Washington and federal courts have suggested that a claim for unauthorized practice of law sounds in negligence, legal malpractice, the Washington Consumer Protection Act[3], or must be addressed through other disciplinary means. The Washington Supreme Court has held, for example, that "a layman who attempts to practice law is liable for negligence," *Bowers*, 675 P.2d at 198, but also that "breach of an ethics rule provides only a public, e.g., disciplinary, remedy and not a private remedy," *Hizey v. Carpenter*, 830 P.2d 646, 651 (Wash. 1992).

United States District Judge Benjamin Settle, when faced with a similar claim, "construe[d] Plaintiffs' unauthorized practice of law claim to mean negligent practice of law, consistent with the term of art found in Washington case law." *Singleton v. Nationwide Ins. Co. of Am.*, No. C20-5688 BHS, 2020 WL 6287124, at *2 (W.D. Wash. Oct. 27, 2020). However, the procedural posture of that case is distinct from the instant one. In *Singleton*, the defendant had moved to dismiss the plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(6) and therefore the court had to construe the complaint in the plaintiff's favor. *See id.* at *1. Here, on Plaintiffs' motion for summary judgment, the Court must construe the facts and the pleadings in Defendants' favor and cannot construe Plaintiffs' claim as a poorly pled negligence claim.

Plaintiffs' motion fails for a second reason—the Court may not award the remedy requested based on Plaintiffs' current unauthorized practice of law claim. Plaintiffs are correct that the courts retain inherent power to discipline attorneys for ethical violations and may authorize equitable relief in the form of disgorgement. (*See* Dkt. No. 51 at 18.) "RCW 2.48 was adopted in the interest of uniformity of standard and to remedy and prevent mischief in the profession. It did not restrict or take away any of the courts' . . . inherent power to regulate the

---

[3] *See Bowers v. Transamerica Title Ins. Co.*, 675 P.2d 193, 200 (Wash. 1983)

practice of law," *Cultum v. Heritage House Realtors, Inc.*, 694 P.2d 630, 635 (Wash. 1985). Where an attorney fails to adhere to their ethical obligations, a court may order disgorgement of fees under the court's inherent power to regulate the legal profession. *See Eriks v. Denver*, 824 P.2d 1207, 1213 (1992) ("The general principle that a breach of **ethical duties** may result in denial or disgorgement of fees is well recognized.") (emphasis added). However, the Court agrees with Defendants that, construing the pleadings in Defendants' favor, Plaintiffs' unauthorized practice of law claim is based on a violation of Washington Revised Code § 2.48.180, not Washington Rule of Professional Conduct ("RPC") 5.5. (*See* Dkt. No. 65 at 4.) Indeed, Plaintiffs do not mention RPC 5.5 in their complaint. The Court cannot, therefore, use its inherent authority to order an equitable remedy of disgorgement.

For the aforementioned reasons, the Court finds Plaintiffs are not entitled as a matter of law to summary judgment on their unauthorized practice of law claim and DENIES their motion.

## IV    CONCLUSION

Accordingly, and having considered Plaintiffs' motion (Dkt. No. 51), the briefing of the parties, and the remainder of the record, the Court finds and ORDERS Plaintiffs' motion for summary judgment is DENIED.[4]

Dated this 15th day of May, 2023.

David G. Estudillo
United States District Judge

---

[4] The Court takes no position on the issue of whether Plaintiffs may amend their complaint to properly plead a negligent practice of law claim or to address Plaintiffs' alleged violations of the Washington Rules of Professional Conduct. Should Plaintiffs seek to amend their complaint, they will need to establish why an amendment is appropriate at this stage of the litigation.